1  JULIA C. RIECHERT (STATE BAR NO. 254078)
   ANJALI PRASAD VADILLO (STATE BAR NO. 318440)
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA  94025-1015
   Telephone:    +1 650 614 7400
4  Facsimile:    +1 650 614 7401
   jriechert@orrick.com
5  avadillo@orrick.com

6  Attorneys for Defendant
   MAPLEBEAR INC. dba INSTACART
7

8

9               IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  ELIZABETH VEDERNIKOVA KHANNA, | Case No. 3:25-cv-10785 |
| 13             Plaintiff, | San Francisco Superior Court Case No. CGC-25-631646 |
| 14       v. | |
| 15  MAPLEBEAR, INC. D/B/A INSTACART, | **DEFENDANT MAPLEBEAR INC. DBA INSTACART'S NOTICE OF REMOVAL** |
| 16             Defendant. | |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ELIZABETH KHANNA AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Maplebear Inc. dba Instacart files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a) and 1446 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of San Francisco, and states that the removal is proper for the reasons stated below.

## BACKGROUND

1. On December 15, 2025, Plaintiff Elizabeth Khanna filed a Complaint in the Superior Court of California for the County of San Francisco, entitled "*Elizabeth Vedernikova Khanna v. Maplebear, Inc. dba Instacart*," Case No. TC25-2562 (the "State Action"). The allegations of the Complaint in the State Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them. In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a copy of the Complaint as filed, which constitutes the entirety of the record in the State Action.

2. The Complaint asserts four causes of action: (1) violation of Labor Code section 1101(a), (2) violation of Labor Code section 1101(b), (3) violation of Labor Code section 1102, and (4) wrongful termination in violation of public policy.

3. The Complaint only named Maplebear Inc. dba Instacart as defendant to the State Action. Maplebear Inc. dba Instacart is a resident of San Francisco County, California, where it maintains its principal place of business.

4. As of December 15, 2025, the date this Notice of Removal was filed, Defendant Maplebear Inc. dba Instacart has not been served with the Complaint in the State Action.

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1332(a) because there is diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

## DIVERSITY OF CITIZENSHIP

6. <u>Plaintiff's Citizenship.</u> Plaintiff is an individual who at all times relevant to the allegations in the Complaint was a resident of the Commonwealth of Virginia. Complaint ¶ 4.

- 1 -

DEFENDANT MAPLEBEAR INC. DBA INSTACART'S NOTICE OF REMOVAL

7.  <u>Defendant's Citizenship.</u> Defendant is a corporation organized and existing under the laws of Delaware, which during the relevant time period had a principal place of business at 50 Beale St #600, San Francisco, CA 94105. Complaint ¶ 6. For diversity purposes, a business is a "citizen" of the place in which it is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

8.  <u>The Forum Defendant Rule Does Not Apply</u>. To the extent Plaintiff cites 28 U.S.C. § 1441(b)(2) to argue that the State Action may not be removed because certain of "the parties in interest properly joined and served as defendants [are] citizen[s] of the state in which such action is brought," that argument fails because Defendant has not been served with the Complaint. Courts in this district have repeatedly held that "a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Sherman v. Haynes & Boone*, No. 14-CV-01064-PSG, 2014 WL 4211118, at *1 & n.8 (N.D. Cal. Aug. 22, 2014) (citing cases); *see also Regal Stone Ltd. v. Longs Drug Stores Cal.*, LLC, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (holding that courts in this district "hold that the clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served"). As Judge Koh recently recognized:

> By its plain language, 28 U.S.C. § 1441(b)(2) permits an in-state defendant who has not been both joined and served to remove a case to federal court on the basis of diversity jurisdiction. Here, it is undisputed that Defendant[] removed Plaintiff's Complaint before any Defendants were served. Thus, Defendant[s] notice of removal was not procedurally improper, and remand is not warranted.

*Monfort v. Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at * 4 (N.D. Cal. Jan. 9, 2019); *see also Global Industrial Investment Ltd., v. Andrew Chung,* No. 19-CV-07670-LHK, 2020 WL 2027374, at *2 (holding the same in single plaintiff case). The same analysis applies here and removal is proper.

**AMOUNT IN CONTROVERSY**

9.  In considering the amount in controversy, what matters is the amount put in controversy by plaintiff's complaint, not what amount the defendant will actually owe (if

anything). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

10.  The alleged amount in controversy in this action exceeds, in the aggregate, $75,000, exclusive of interest and costs. Defendant denies Plaintiff's claims in their entirety but provides the following analysis of potential damages (without admitting liability) based on the allegations in Plaintiff's Complaint in order to demonstrate that Plaintiff's Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(a). Plaintiff was an employee for over two years and earned a salary, "annual raises and granted of Restricted Stock Units ("RSUs")," and "refresh grants of additional RSUs in or around October of each year." Complaint ¶¶ 13, 30-31. Though the Complaint does not seek a specific dollar amount of damages, it requests compensatory damages, including emotional distress damages and economic damages, back pay, front pay, attorneys' fees, and punitive damages. **Exhibit A**, Complaint at Prayer for Relief, ¶ 1-9.

11.  When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The Court should also include requests for attorneys' fees in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The burden is not "daunting," and "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007) (citation omitted); *Ray v. Wells Fargo Bank, N.A.*, No. CV 11–1477 AHM (JCx), 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011); *Deehan v. Amerigas Ptnrs., L.P.*, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008) ("Defendant is not required to prove Plaintiff's case for him").[1] The

---

[1] Nothing in this Notice is an admission of liability by Defendant. Defendant denies all of Plaintiff's allegations, affirmatively denies it is liable for any alleged conduct, denies that it maintains any unlawful policy, retaliated against Plaintiff, wrongfully treated Plaintiff, and denies that Plaintiff has been damaged at all.

1  preponderance burden is satisfied where the defendant's calculations are conservative, made in
2  good faith, and based on evidence wherever possible. *Behrazfar v. Unisys Corp.*, 687 F.Supp.2d
3  999, 1004 (C.D. Cal. 2009). Thus, Defendant is only required to establish that it is more likely
4  than not that the amount in controversy exceeds $75,000.

5       12.   The potential damages, penalties and restitution Plaintiff seeks in this State Action
6  plainly exceed $75,000, exclusive of interest and costs. The Complaint seeks back pay, front pay,
7  and emotional distress damages. In addition to compensatory and economic damages, Plaintiff
8  seeks punitive damages and attorneys' fees and costs incurred by Plaintiff. *Id.* at Prayer for
9  Relief, ¶ 1-9.

**NO BASES FOR REJECTING OR DECLINING JURISDICTION**

11       13.   There are no bases for this Court to reject or decline jurisdiction as set out 28
12  U.S.C. § 1441(b)(2).

**VENUE**

14       14.   Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a)
15  and 1446(a). This action was originally brought in the Superior Court of the State of California,
16  County of San Francisco, which is embraced by the Northern District of California.

**NOTICE OF REMOVAL**

18       15.   This Notice of Removal shall be served promptly on Plaintiff and filed with the
19  Clerk of the Superior Court of the State of California in and for the County of San Francisco.

20       WHEREFORE, Defendant prays that this civil action be removed from the Superior Court
21  of the State of California, County of San Francisco, to the United States District Court for the
22  Northern District of California.

24  Dated: December 18, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

26                                              By:   */s/ Anjali Prasad Vadillo*
                                                      ANJALI PRASAD VADILLO
27                                                    Attorneys for Defendant
                                                      MAPLEBEAR INC. DBA INSTACART